IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                                                    CRIMINAL NO. 2:16-00049

**MARK ANTHONY LEVITT**

**RESPONSE OF THE UNITED STATES OF AMERICA
TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND
<u>REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY</u>**

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on March 16, 2016, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Request A:** Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. [Fed. R. Crim. P. 16(a)(1)(A)]

**Response:** Enclosed in response to this request are two audio recorded statements of Mark Anthony Levitt ("defendant") taken by Nitro Police Department Patrolman Chris D. Hastings ("Ptl. Hastings"), (Disc 1).

**Request B:** Disclose to defendant and make available for inspection, copying or photographing, all of the following:

(i) Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows--or through due diligence could know--that the statement exists. [Fed. R. Crim. P. 16(a)(1)(B)(i)]

**Response:** See Response to Request A.

(ii) The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent. [Fed. R. Crim. P. 16(a)(1)(B)(ii)]

**Response:** None.

(iii) The defendant's recorded testimony before a grand jury relating to the charged offense. [Fed. R. Crim. P. 16(a)(1)(B)(iii)]

**Response:** The defendant did not testify before the grand jury relative to the charged offenses.

Request C: Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent; or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent. [Fed. R. Crim. P. 16(a)(1)(C)]

**Response:** Not applicable.

Request D: Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists. [Fed. R. Crim. P. 16(a)(1)(D)]

**Response:** Enclosed you will find the criminal history of defendant (LEVITT – 000001 – 000030).

**Request E: Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant. [Fed. R. Crim. P. 16(a)(1)(E)]**

**Response:** Enclosed is information responsive to this request:

1. Pasco County, Florida docket sheet regarding Case No. 512099DR003177 dated May 29, 2009 (LEVITT – 000031);

2. St. Albans Police Department Arrest Report dated November 29, 2014 (LEVITT – 000032);

3. Detail Call For Service Report dated July 19, 2015 (LEVITT – 000033 – 000038);

4. Nitro Police Department Consent to Search Form dated July 20, 2015 (LEVITT –000039);

5. Nitro Police Department Property Receipt dated July 20, 2015 (LEVITT – 000040);

6. West Virginia Uniform Incident/Offense Form dated July 20, 2015 (LEVITT – 000041 – 000065);

7. Administrative Subpoena issued to Kik Interactive, Inc., dba Kik.com dated February 24, 2015 (LEVITT – 0000066 – 000068);

8. State of West Virginia Search Warrant and Property Receipt for 401 Main Avenue, Apt. No. 14, Nitro, West Virginia dated July 29, 2015 (LEVITT – 000069 – 000081);

9. State of West Virginia Search Warrant for black Colbalt Tab S700 Tablet dated July 31, 2015 (LEVITT – 000082 – 000086);

10. State of West Virginia Search Warrant for black LG Touch Mobile Phone, model number LS620, serial number 411CYV0507303 dated July 31, 2015 (LEVITT – 000087 – 000092);

11. State of West Virginia Search Warrant to Yahoo located at 701 First Avenue, Sunnyvale, California dated July 31, 2015 (LEVITT – 000093 – 000101);

12. Search Warrant Photos (LEVITT – 000102 – 000183);

13. Nitro Police Department Arrest Report dated August 7, 2015 (LEVITT – 000184);

14. Nitro Police Department Evidence Tracking Form dated August 7, 2015 (LEVITT – 000185);

15. Supplemental Report of Captain D. A. Scurlock dated August 7, 2015 (LEVITT – 000186 – 000204);

16. Defendant's letter to United States District Clerk dated February 7, 2016 (LEVITT – 000205 – 000206);

17. Sprint Administrative Subpoena docuemnts (LEVITT – 000207 – 000291);

18. Kik Interactive Response and Messenger conversations (LEVITT – 000292 – 000435); and

19. Audio Interview of Laura Burdette on July 29, 2015 (Disc 1).

Furthermore, Kanawha County Sheriff's Office Detective Christopher R. Atha is in possession of the digital media, among other things, seized from defendant's residence located in Nitro, West Virginia.  Some of these items have been examined forensically.  Image files containing child pornography were found on the defendant's digital media.  Upon request and at a time mutually convenient to counsel for the defendant and the government, counsel for the defendant may inspect images of the defendant's digital media containing contraband which will be maintained by the government.  The United States will not permit copying by the defense of any images containing child pornography.  Please contact Assistant United States Attorney Lisa G. Johnston to arrange a convenient time to view the evidence.

**Request F:  Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is material to preparing the defense or the government intends**

to use the item in its case-in-chief at trial. [Fed. R. Crim. P. 16(a)(1)(F)]

**Response:** The United States is not aware of any reports regarding physical or mental examinations of the defendant.

**Request G: Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]**

**Response:** The United States intends to offer the expert testimony of Forensic Examiner Detective Christopher R. Atha. A copy of Detective Atha's Curriculum Vitae is forthcoming. The forensic examiner referenced herein performed the forensic examinations of the media devices obtained during the investigation. He will testify to all matters set forth in his reports and the basis for his opinions contained in the reports. A Supplemental Narrative Digital Forensics Analysis Report was prepared by Detective Atha and is enclosed herein (LEVITT – 000435 - 000437). A second Supplemental Narrative Digital Forensics Analysis Report was also prepared by Detective Atha (LEVITT - 000438).

6

**Request H: Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

**Response:** The United States is not aware of the existence of any such evidence aside from what may be provided herein.

**Request I: Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.**

**Response:** The United States intends to introduce into evidence all images of containing child pornography distributed, received and possessed by the defendant. The United States also intends to introduce images of child erotica possessed by the defendant. These images are available for inspection by the defendant as referenced in response to Request E. It is the position of the United States that this evidence is necessary to establish elements of the crimes with which the defendant is charged and is "inextricably intertwined with the evidence regarding the charged offense, or . . . is necessary to complete the story of the crime [on] trial." United States v. Towne, 870 F.2d 880, 886 (2d Cir.), cert. denied, 490 U.S. 1101 (1989). Thus, it is the position of the United States that, although this evidence meets the standard for admission under Rule 404(b) of the Federal Rules of Evidence, notice is not required. Notice is hereby given nonetheless. United States v. Chin, 83

7

F.3d 83, 87-88 (4th Cir. 1996)(acts intrinsic to charged crime do not fall under Rule 404(b)).

**Request J: Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.**

**Response:** None.

**Request K: Disclose to defendant any matter as to which the government will seek judicial notice.**

**Response:** The United States will seek judicial notice that Nitro, Kanawha County, West Virginia is within the Southern District of West Virginia.

**Request L: Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial. For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.**

**Response:** None.

**Request M: Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.**

**Response:** The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such

8

information and evidence which may be discovered and finally provided to defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of discretion solely to expedite and facilitate litigation of this case.

REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

Respectfully submitted,

CAROL A. CASTO
Acting United States Attorney

s/Lisa G. Johnston
LISA G. JOHNSTON
Assistant United States Attorney
WV State Bar No. 4917
300 Virginia Street, East, Room 4000
Charleston, West Virginia 25301
Telephone: 304-345-2200
E-mail: lisa.johnston@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 23rd day of March, 2016 to:

>Ann Mason Rigby
>Assistant Federal Public Defender
>Federal Public Defender's Office
>300 Virginia Street, East
>Room 3400
>Charleston, West Virginia 25301

>s/Lisa G. Johnston
>LISA G. JOHNSTON
>Assistant United States Attorney
>WV State Bar No. 4917
>300 Virginia Street, East
>Room 4000
>Charleston, West Virginia 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>E-mail: lisa.johnston@usdoj.gov