IN THE UNITED STATES COURT DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                              CRIMINAL NO. 2:16-cr-00049

**MARK ANTHONY LEVITT**

### UNITED STATES *MOTION IN LIMINE* TO BAR EVIDENCE OF CONSENT AND TO EXCLUDE PRIOR SEXUAL HISTORY OF VICTIM AND CONTENT OF PERSONAL CONVERSATIONS THE VICTIM HAD WITH INDIVIDUALS OTHER THAN DEFENDANT

Comes now the United States of America by Lisa G. Johnston, Assistant United States Attorney for the Southern District of West Virginia, and respectfully submits this *Motion In Limine* to Bar Evidence of Consent and to Exclude Evidence of Any Prior Sexual History of the Victim and Content of Personal Conversations the Victim Had with Individuals Other Than Defendant in this case. For the reasons explained below, the government respectfully requests that the Court bar admission of evidence relating to the issue of consent by the victim, the prior sexual history of the victim, and content of personal conversations the victim had with individuals other than defendant, and preclude the defense from raising these matters in any manner, including opening statement, witness examination, introduction of exhibits, and closing argument.

**PROCEDURAL BACKGROUND**

The defendant is charged in a six-count indictment arising from his acts of using a facility of interstate commerce to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Count One), using a facility of interstate commerce to transfer obscene matter to another individual, who had not attained the age of 16 years, in violation of 18 U.S.C. § 1470 (Count Two), receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1) (Count Three), production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e) (Counts Four and Five), and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) (Count six). All counts set forth in the six-count indictment relate to a victim who was under the age of 16 years during the charged time frame.

**ARGUMENT**

**I. ANY EVIDENCE OF CONSENT SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE 401 AND 403 BECAUSE CONSENT IS NOT AN ELEMENT OF THE OFFENSES IN THIS CASE AND IS NOT A PROPER DEFENSE**

The defendant should be barred from introducing any evidence at any point in the trial, or making any argument regarding the victim's consent to engage in any sexual behavior or to produce sexually explicit images of her. The charged offenses do not require any proof that the victim did or did not consent to the conduct.

Rule 401 defines relevancy as "evidence having any tendency to

make the existence of any fact that is of consequence . . . more probable or less probable . . ." Fed. R. Evid. 401. Insofar as consent is not an element of the offenses and is not a legally cognizable defense, evidence of consent should be excluded. Even if regarded as relevant, such evidence should be excluded under Fed. R. Evid. 403 because it is highly inflammatory and would only serve to confuse the jury and divert the jury from the real issues in the case.

To admit evidence of consent would constitute a recognition that minors can consent to their own sexual exploitation by others. Just as a minor cannot consent to sexual intercourse, neither can a minor consent to producing child pornography or the other offenses charged in the six-count indictment.

Consent is also not a required element for the crime of production of child pornography. In fact, the text of 18 U.S.C. § 2251 shows that Congress did not intend for consent to be an element of the offense when a person under 18 is caused to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. To establish a violation of 18 U.S.C. § 2251(a) (production of child pornography), the government need only prove that the defendant knowingly employed, used, persuaded, induced, enticed, and coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which

visual depiction was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce. There is no requirement that the government prove that these acts were done without the victim's consent or done against her will. The victim in this case was 14 at the time of the offenses and therefore could not legally consent to these activities.

Indeed, Courts of Appeals have consistently excluded evidence, and any defense regarding a minor victim's intent or consent in connection with sexual exploitation, finding that a minor's intent or consent is neither an element of nor defense to these offenses, and is therefore not properly before the jury. See United States v. Street, 531 F.3d 703, 708 (8th Cir. 2008)(consent of the minor in the production of child pornography in violation of 18 U.S.C. § 2251 was not a defense and evidence of consent was properly excluded); United States v. Williams, 529 F.3d 1, 6 (1st Cir. 2008) (even if a minor had consented to transportation for prostitution, consent would not have been legally valid); United States v. Benais, 460 F.3d 1059, 1063 (8th Cir. 2006) (finding that under 18 U.S.C. § 2243, consent is not a defense to the federal statutory rape provision); United States v. Abad, 350 F.3d 793, 798 (8th Cir. 2003)("[W]hen sexual assaults are committed upon children ..., consent is not a defense. The reason is that the victims in these cases, because of ignorance or deceit, do not understand what is happening to them. Therefore

their 'consent' is of no significance."); United States v. Lowe, 145 F.3d 45, 52 (1st Cir. 1998) ("Consent is a defense to kidnapping but not to a Mann Act charge."); United States v. Jones, 808 F.2d 561, 565 (7th Cir. 1986) (same); United States v. Pelton, 578 F.2d 701, 712(8th Cir. 1978) (consent is not a defense to transportation of a minor for purposes of prostitution in violation of 18 U.S.C. § 2421 nor enticement of a minor to travel for purposes of sexual activity, in violation of 18 U.S.C. § 2422); see also United States v. Raplinger, No. 05-CR-49-LRR, 2006 WL 3455266 *11 (N.D. Iowa Nov. 29, 2006) (unpublished)("By definition, the victim in a sexual exploitation of a minor case is a minor. A minor cannot consent to being sexually exploited."); United States v. Griffith, No. 99CR786 (HB), 2000 WL 1253265 (S.D.N.Y. Sept. 5, 2000)(unpublished) (consent is not relevant to the offense and is not a defense to production of child pornography). For all these reasons, this Court should bar the introduction of any evidence relating to consent at any point in the trial.

**II. ANY EVIDENCE OF THE VICTIM'S PRIOR SEXUAL HISTORY IS BARRED BY FEDERAL RULES OF EVIDENCE 412 AND 403**

    **A. Rule 412(a) Bars Admission of Evidence Concerning the Victim's Sexual History or Past Behavior**

Rule 412(a) provides that:

> The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c):

5

>     (1) Evidence offered to prove that any alleged victim engaged in other sexual behavior; or
>
>     (2) Evidence offered to prove any alleged victim's sexual predisposition.

Fed. R. Evid. 412(a). "Sexual behavior" includes "all activities that involve actual physical conduct, i.e., sexual intercourse and sexual contact" or that imply sexual intercourse or sexual contact," such as use of contraceptives, birth of an illegitimate child, or diagnosis of venereal disease." Fed. R. Evid. 412, Advisory Committee Notes, Subdivision (a) (1994). The reference to "sexual predisposition" is "designed to exclude evidence that...the proponent believes may have a sexual connotation for the fact finder," such as "the alleged victim's mode of dress, speech, or lifestyle." Id.

Rule 412 seeks to protect the victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process. By affording victims protection in most instances, the Rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders. See United States v. Torres, 937 F.2d 1469, 1472-73 (9th Cir. 1991); United States v. Roman, 884 F. Supp. 124, 125 (S.D.N.Y. 1995).

Courts of Appeal have consistently upheld the exclusion of evidence regarding the victim's past sexual conduct and alleged sexual predisposition. See, e.g., Torres, 937 F.2d at 1472-73 (excluding evidence of sexual conduct of the victim that preceded and was subsequent to the charged conduct); United States v. Dogskin, 265 F.3d 682 (8th Cir. 2001) (evidence that witness saw victim in bed with man on morning after rape inadmissible under Rule 412); United States v. Powell, 226 F.3d 1181 (10th Cir. 2000) (excluding evidence of victim's past sexually suggestive and flirtatious behavior with other men); United States v. Powers, 59 F.3d 1460 (4th Cir. 1995) (evidence regarding victim's sexual relations with her boyfriend held inadmissible); United States v. Saunders, 943 F.2d 388 (4th Cir. 1991) (excluding evidence of victim's sexual relationship with another person); Doe v. United States, 666 F.2d 43 (4th Cir. 1981) (evidence of victim's alleged promiscuity barred by Rule 412).

The Rule allows only admission of such evidence with three very specific exceptions:

   (b)   Exceptions

      (1)   In a criminal case, the following evidence is admissible, if otherwise admissible under these rules:

          (A) evidence of specific instances of sexual behavior by the alleged victim offered to prove that a person other than the accused was the source of semen, injury, or other physical evidence;

7

> (B) evidence of specific instances of sexual behavior by the alleged victim with respect to the person accused of the sexual misconduct offered by the accused to prove consent or by the prosecution; and
>
> (C) evidence the exclusion of which would violate the constitutional rights of the defendant.

Fed. R. Evid. 412(b). The first exception is clearly not relevant, as the government does not intend to introduce any evidence of semen or physical injury to any victim's genitals. See generally United States v. White Buffalo, 84 F.3d 1052, 1054 (8th Cir. 1996) (holding that the defendant cannot rely on this exception when the Government did not introduce any evidence about the victim's past sexual behavior or the presence of semen in the victim). Evidence of the victim's past sexual conduct with others is not evidence "that a person other than the accused was the source of semen, injury, or other physical evidence," and therefore, such evidence does not fall under the first exception. Fed. R. Evid. 412(b)(1)(A).

Subsection (b)(1)(B) has no application to this case because consent is not an element of the offense and cannot be a theory of defense. See Argument I. None of the statutes under which the defendant is charged requires that the defendant's actions be without the consent of the victim. The victim was under the age of 18 when the conduct occurred and thus, consent is not an issue and cannot be relied upon by the defense to introduce evidence of the victim's

8

prior sexual behavior.  Even leaving aside the victim's status as a minor, the defendant cannot rely on an alleged belief that the victim was a prostitute to bolster a defense that the sexual contact was consensual.  Rule 412(b)(1)(B) permits only evidence of the defendant's past experiences with the victim when consent is in issue. "The rule manifests the policy that it is unreasonable for a defendant to base his belief of consent on the victim's past sexual experiences with third persons, since it is intolerable to suggest that because the victim is a prostitute, she automatically is assumed to have consented with anyone at any time."  United States v. Saunders, 943 F.2d at 392, see also United States v. Ezell, 24 M.J. 690, 693 (A.C.M.R. 1987)(holding that evidence that rape victim had allegedly worked as prostitute prior to rape was inadmissible under Military Rule of Evidence 412 because the evidence is not constitutionally required). It follows that if a minor had previously committed acts of prostitution, which are by definition sexual acts, such acts are not relevant, and inquiry into or evidence of such should not be permitted when consent is not an element or a defense.

   Likewise, if the defendant did any act violating 18 U.S.C. § 2251(a), such as employing, persuading, inducing, enticing or coercing a minor, namely L.B., to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, he would be guilty without regard to the victim's alleged consent.

Finally, subsection (b)(1)(C) is not applicable because the exclusion of evidence of prior sexual history does not violate the constitutional rights of the defendant. According to the legislative history of the Rule, this exception "is intended to cover those infrequent circumstances where, because of an unusual chain of circumstances, the general rule of inadmissibility, if followed, would result in denying the defendant a constitutional right." 124 Cong. Rec. H11944 (daily ed. Oct. 10, 1978)(statement of Rep. Pease). No such circumstances exist in this case. Barring the defense from questioning a victim in this case about her sexual history would not violate the defendant's constitutional rights. The constitutional right to introduce evidence in one's defense is not unlimited, and must bow to other legitimate interests. See Michigan v. Lucas, 500 U.S. 145, 149 (1991). Whether the victim in this case has a sexual history - or even a sexual predisposition, which the government disputes - is simply not a defense to the crimes with which the defendant is charged. Clearly, no blanket constitutional right to confront a victim with past sexual history exists. The right to cross-examination is not unlimited and trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only

marginally relevant. See Torres, 937 F.2d at 1473, quoting United States v. Van Arsdall, 475 U.S. 673, 679 (1986).

Finally, under Rule 412(c)(1), a defendant seeking to invoke an exception to this Rule must file a written motion at least fourteen days before trial describing the evidence and stating the purpose for which it is offered. If defendant has any intention of attempting to introduce evidence pursuant to an exception to this Rule, notice must be served on all parties, including the victim, and an in-camera hearing where the victim is allowed to attend and be heard must be held, and any motion, related papers, and reporter's transcripts and notes must be sealed. See United States v. Sarras, 575 F.3d 1191, 1212 (11th Cir. 2009).

In this case, the admission of any evidence that bears directly on the victim's sexual behavior and activities, or predispositions should be prohibited. This type of evidence is explicitly precluded and defendant should be instructed prior to commencement of the trial that he may not introduce such evidence, whether in opening statement or closing argument, or through cross-examination, direct testimony, or documentary evidence.

**B. Federal Rule of Evidence 403**

Moreover, evidence relating to the victim's sexual behavior and activities, or predispositions, has no probative value and must be excluded under Fed. R. Evid. 403, which states that, "[a]lthough

11

relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Because the victim's prior or subsequent sexual history does not support a defense, evidence of any prior sexual history has no probative value. Such evidence also services no impeachment purpose. The Government intends to introduce testimony on direct examination limited to the minor victim's sexual history with the defendant. Any further inquiry into the details of the minor victim's sexual history would only serve as an unwarranted intrusion into her private life, be designed to embarrass her, create unfair prejudice, and confusion of the issues. Therefore, any such history is properly excluded under Fed. R. Evid. 403.

Finally, the content of personal conversations the minor had with other individuals should also be prohibited since it is irrelevant, is more prejudicial than probative, and is barred by Fed. R. Evid. 412, as well as Fed. R. Evid. 403.

## CONCLUSION

WHEREFORE, the Government requests that the Court issue an order in accordance with the above requests.

>Respectfully submitted,
>
>CAROL A. CASTO
>Acting United States Attorney

By:

>LISA G. JOHNSTON
>Assistant United States Attorney

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing "UNITED STATES *MOTION IN LIMINE* TO BAR EVIDENCE OF CONSENT AND TO EXCLUDE PRIOR SEXUAL HISOTRY OF VICTIM AND CONTENT OF PERSONAL CONVERSATIONS THE VICITM HAD WITH INDIVIDUALS OTHER THAN DEFENDANT" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing on this 1st day of June, 2016, to:

>Ann Mason Rigby
>Assistant Federal Public Defender
>Federal Public Defender's Office
>300 Virginia Street, East
>Room 3400
>Charleston, West Virginia 25301

>s/Lisa G. Johnston
>LISA G. JOHNSTON
>Assistant United States Attorney
>WV State Bar No. 4917
>300 Virginia Street, East
>Room 4000
>Charleston, West Virginia 25301
>Telephone:  304-345-2200
>Fax:  304-347-5104
>E-mail:  lisa.johnston@usdoj.gov