IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA

v.  Criminal No. 2:16-cr-00049

MARK ANTHONY LEVITT

**MARK LEVITT'S MOTION *IN LIMINE* TO EXCLUDE CUMULATIVE IMAGES AND VIDEOS OF ALLEGED CHILD PORNOGRAPHY OR EROTICA, OR, IN THE ALTERNATIVE, FOR AN ORDER REQUIRING THE GOVERNMENT TO SPECIFICALLY IDENTIFY WHICH IMAGES OR VIDEOS IT INTENDS TO INTRODUCE**

Comes now the defendant, Mark Anthony Levitt, by his attorney, Assistant Federal Public Defender Ann Mason Rigby, undersigned, and respectfully moves this Honorable Court for an Order, pursuant to Federal Rules of Evidence 404 and 403, that the United States may not rely on images or videos of alleged child pornography or erotica except those the government has identified as the basis for the charges in counts 2, 4, and 5 of the Indictment. Mr. Levitt further requests that this Court direct that any image of child pornography or erotica that the government shows the jury must be left in its original state and not altered, enlarged, or enhanced in any way. In the alternative, pursuant to Federal Rule of Criminal Procedure 16, Mr. Levitt respectfully requests that the Court order the government to identify, before trial, the specific images of alleged child pornography or child erotica that the government intends to introduce into evidence and display to the jury at trial. In support of this motion, Mr. Levitt states as follows:

**I.  FACTUAL BACKGROUND**

The defendant has been charged in a six count Indictment with: (1) enticement of a minor to engage in sexual activity between the approximate dates of June 16, 2015, and July 14, 2015, in

violation of 18 U.S.C. § 2442(b); (2) transfer of obscenity to a minor on or about June 16, 2015, in violation of 18 U.S.C. § 1470; (3) receiving child pornography on or about June 16, 2016, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1); (4) production of child pornography on or about June 24, 2015, in violation of 18 U.S.C. §§ 2251(a) and 2251(e); (5) production of child pornography on or about July 13, 2016, and (6) possession of child pornography on or about July 29, 2015, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Indictment, ECF No. 20.

In the investigation that led to these charges, law enforcement seized and forensically examined an LG LS620 Volt phone allegedly belonging to Mr. Levitt and an Apple iPhone allegedly belonging to a 14 year old. Law enforcement's forensic examinations uncovered images and videos of alleged child pornography and child erotica on both phones. In its standard discovery response, the government disclosed intent to introduce into evidence "all images of [sic] containing child pornography distributed, received and possessed by the defendant [and] all images of child erotica possessed by the defendant." ECF No. 27 at 7. The government also provided the defense with a redacted Kanawha County Sheriff's Office Digital Forensic Unit digital forensics extraction report regarding items the Unit located on the LS620 Volt phone, a redacted copy of a print-out of texts and thumbnail images it located on the iPhone, and a narrative report and supplemental report prepared by Examiner Detective Atha of the Unit. These reports identify by date, time, and description seven explicit images that Detective Atha concludes were either sent from or received on the LG LS620 and/or the iPhone. The government's discovery response also discloses its intent to call Detective Atha to testify as an expert regarding "all matters set forth in [these] reports and the basis for his opinions contained in the reports." *Id.* at 6.

During the discovery period, defense counsel met with Assistant United States Attorney Lisa G. Johnston, Detective Atha, and Nitro Police Department Patrolman Hastings to review the

forensic evidence law enforcement had identified in the investigation. At that meeting, the government identified and showed the defense the images or videos found on the LS620 and/or iPhone that formed the basis of each charge in the indictment. Specifically, these government identified:

- as the basis for count 2, an image of alleged child pornography sent on June 16, 2015;
- as the basis for count 3, an image of an adult male penis sent on June 16, 2015;
- as the basis for count 4, a June 24, 2015 image of alleged child pornography; and
- as the basis for count 5 and as evidence of the charge in count 1, a July 13, 2015 video of alleged child pornography.

According to the government, all of these images and videos were located on the LS620. In light of that, the defense assumes that the government would also offer all of these images and videos (except the image underlying count 3) as evidence of possession charge in count 6. Although the government showed the defense other images and media it had concluded contained child pornography or child erotica, it did not identify others it planned to introduce at trial.

## II. ARGUMENT

The Court should exclude from trial any images or videos other than the images the government has identified as those forming the basis for counts 2, 4, and 5. To admit additional images would violate Federal Rules of Evidence 404(b) and 403, and would be impractical.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "This evidence may be admissible [against a criminal defendant] for another purpose" provided that the government provides reasonable notice of the general nature of any such evidence before trial . . ." or there is good cause for lack of such notice. Fed. R. Evid.

3

404(b)(2).  Federal Rule of Evidence 403 permits the Court to exclude otherwise admissible evidence "if its probative value is substantially outweighed by the danger of unfair prejudice."

In this Circuit, evidence of uncharged acts is admissible under Fed. R. Evid. 404(b) and 403 if it meets the following criteria:

> (1) The evidence must be relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant.  The more similar the prior act is (in terms of physical similarity or mental state) to the act being proved, the more relevant it becomes.
>
> (2) The act must be necessary in the sense that it is probative of an essential claim or an element of the offense.
>
> (3)  The evidence must be reliable.  And
>
> (4) The evidence's probative value must not be substantially outweighed by confusion or unfair prejudice in the sense it tends to subordinate reason to emotion in the fact finding process.

*United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997), *quoted in United States v. McBride*, 676 F.3d 385, 396 (4th Cir. 2012).

These standards help courts protect against a juries convicting defendants "simply for possessing bad character," or because they are "likely . . . to do such acts."  *Queen*, 132 F.3d at 995 (quoting *Wigmore on Evidence* § 58.2, at 1215 (Tillers rev.1983)).  They also aim to protect "against juries trying defendants for [other] acts rather than charged acts, and . . . against juries becoming confused by the purpose of the admitted acts and using the acts improperly in arriving at a verdict[.]" *Id.* at 996 (quoting *Wigmore, supra,* at 1215, which noted "the tendency to condemn not because the accused is believed guilty of the present charge but because he has escaped unpunished from other offenses").

Images of alleged child pornography or child erotica beyond those the government has identified as the basis for the child pornography charges in counts 2, 4, and 5 of the Indictment are

4

not probative of or necessary to prove any element of the charges in this case and their prejudicial effect will substantially outweigh any probative value they do have. The government's disclosures to date demonstrate that it has concluded that it can prove that these images and videos are child pornography as that term is defined in 18 U.S.C. § 2256(8) – such that Mr. Levitt could not legally receive, produce, or possess them as charged in counts 2, 4, 5 and 6 – or that they are evidence that Mr. Levitt had the intent prohibited by the enticement statute he is charged with violating in count 1. Offering additional images will not help prove that the identified images are child pornography and will not help prove that Mr. Levitt sent, received, produced or possessed child pornography on the dates charged in the Indictment. Thus, additional images or videos would be merely cumulative evidence of these charges.

Introducing unnecessary images or videos would waste time and risk confusing the jury about what Mr. Levitt is actually charged with doing. The extra images would also pose the significant danger of unduly prejudicing Mr. Levitt, including by suggesting to the jury that Mr. Levitt deserves to be punished for uncharged crimes. Moreover, the subject matter of the images and videos is not one that the average juror would be interested in reviewing on multiple occasions, and there is a strong risk that jurors would unfairly hold against Mr. Levitt being forced to do so longer than absolutely necessary. In short, restricting the government to the images forming the basis of its charges would allow the government to completely and fairly present its case while protecting Mr. Levitt's right to a fair trial untainted by undue prejudice.[1]

---

[1] The same concerns underlie Mr. Levitt's request that the Court not permit the government to present anything other than the evidence in its original form (not be altered, enlarged, or enhanced in any way) and as it would ordinarily have been viewed on the devices on which it was located.

In the alternative, the Court should at least order the government to disclose exactly which other images and videos it intends to introduce at trial and then reconsider the request to exclude them with that information in hand, and limit how many media files the government may introduce at trial. The Court should order the requested disclosure in any case for the additional reason that the government's disclosures to date fail to satisfy the requirements of Federal Rule of Criminal Procedure 16(a)(1)(G) and Mr. Levitt's constitutional right to a fair trial. Specifically, the government has given notice that it intends to have Detective Atha testify regarding his reports, which only provide detail on only seven images, yet claims the right to introduce an unnamed number of other images. The defense cannot be expected to adequately prepare to examine Detective Atha without further information about what images he intends to discuss and what his opinions about them are. Thus, unless the Court grants the motion to entirely exclude anything other than images underlying counts 2, 4, and 5, the Court should order that the government disclose exactly what images it intends to rely on at trial and limit their number.

**WHEREFORE**, Mr. Levitt respectfully requests that this Honorable Court grant this motion and enter an appropriate Order limiting the government to introducing at trial the images and videos it has previously identified as those forming the basis of counts 2, 4, and 5 in the Indictment in their original form without alteration. In the alternative, Mr. Levitt respectfully requests that the Court enter an Order requiring the government to specifically identify each image and/or video it intends to introduce at trial, consistent with its obligations under Federal Rule of Criminal Procedure 16 and so that the Court may consider other limits consistent with this motion.

Respectfully submitted this 1st day of June, 2016.

**MARK ANTHONY LEVITT**

By Counsel

**CHRISTIAN M. CAPECE**
**FEDERAL PUBLIC DEFENDER**

**s/ Ann Mason Rigby**
**Ann Mason Rigby, DC Bar No. 491902**
**Assistant Federal Public Defender**
**United States Courthouse**
**300 Virginia Street, East, Room 3400**
**Charleston, WV 25301**
**Telephone: (304) 347-3350**
**Facsimile: (304) 347-3356**
**E-mail: ann_rigby@fd.org**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**UNITED STATES OF AMERICA**

v.                                                                                    Criminal No. 2:16-cr-00049

**MARK ANTHONY LEVITT**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **MARK LEVITT'S MOTION *IN LIMINE* TO EXCLUDE CUMULATIVE IMAGES AND VIDEOS OF ALLEGED CHILD PORNOGRAPHY OR EROTICA, OR, IN THE ALTERNATIVE, FOR AN ORDER REQUIRING THE GOVERNMENT TO SPECIFICALLY IDENTIFY WHICH IMAGES OR VIDEOS IT INTENDS TO INTRODUCE** has been electronically filed with the Clerk of Court this date using the CM/ECF system and served upon opposing counsel as follows

| | |
|---|---|
| **VIA CM/ECF:** | Lisa G. Johnston<br>Assistant United States Attorney<br>United States Courthouse, Room 4000<br>300 Virginia Street East<br>Charleston, West Virginia 25301<br>Email: lisa.johnston@usdoj.gov |
| **DATE**: June 1, 2016 | **s/ Ann Mason Rigby**<br>**Ann Mason Rigby, DC Bar No. 491902**<br>**Assistant Federal Public Defender**<br>**Attorney for Defendant**<br>**United States Courthouse**<br>**300 Virginia Street, East, Room 3400**<br>**Charleston, WV 25301**<br>**Telephone: (304) 347-3350**<br>**Facsimile: (304) 347-3356**<br>**E-mail: ann_rigby@fd.org** |