

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

---

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

**FILED**

JUN 2 8 2016

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

June 11, 2016

Ann Mason Rigby
Assistant Federal Public Defender
Federal Public Defender's Office
300 Virginia Street, East
Room 3400
Charleston, West Virginia 25301

          Re:  United States v. Mark Anthony Levitt
               Criminal No. 2:16-00049 (USDC SDWV)

Dear Ms. Rigby:

     This will confirm our conversations with regard to your client, Mark Anthony Levitt (hereinafter "Mr. Levitt").  As a result of these conversations, it is agreed by and between the United States and Mr. Levitt as follows:

     1.  **PENDING CHARGES**.  Mr. Levitt is charged in a six-count indictment as follows:

     (a)  Count One charges Mr. Levitt with a violation of 18 U.S.C. § 2422(b) (using a facility of interstate commerce to entice a minor to engage in sexual activity);

     (b)  Count Two charges Mr. Levitt with a violation of 18 U.S.C. § 1470 (transfer of obscene material to an individual who had not attained the age of 16 years);

     (c)  Count Three charges Mr. Levitt with a violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) (receipt of child pornography);

     (d)  Count Four charges Mr. Levitt with a violation of 18 U.S.C.

_____
Defendant's
Initials

Ann Mason Rigby
June 11, 2016                        Re: Mark Anthony Levitt
Page 2

§§ 2251(a) and (e) (production of child pornography);

(e)   Count Five charges Mr. Levitt with a violation of 18 U.S.C.
§§ 2251(a) and (e) (production of child pornography); and

(f)   Count Six charges Mr. Levitt with a violation of 18 U.S.C.
§§ 2252A(a)(5)(B) and (b)(2)(possession of child
pornography).

2.   **RESOLUTION OF CHARGES**.  Mr. Levitt will plead guilty to
Count One of said indictment, which charges him with a violation of
18 U.S.C. § 2422(b).  Following final disposition, the United States
will move the Court to dismiss Counts Two through Six in Criminal
No. 2:16-00049 as to Mr. Levitt.

3.   **MAXIMUM POTENTIAL PENALTY**.  The maximum penalty to which
Mr. Levitt will be exposed by virtue of this guilty plea is as follows:

(a)   Imprisonment for a period of 10 years to life[1];

(b)   A fine of $250,000, or twice the gross pecuniary gain or
twice the gross pecuniary loss resulting from defendant's
conduct, whichever is greater;

(c)   A term of supervised release of 5 years to life;

(d)   A mandatory special assessment of $100 pursuant to 18
U.S.C. § 3013; and

(e)   An order of restitution pursuant to 18 U.S.C. § 2259, 3663A
and 3664, or as otherwise set forth in this plea agreement.

4.   **SPECIAL ASSESSMENT.**  Mr. Levitt has submitted certified
financial statements to the United States reflecting that he is

---

[1] This is the statutory maximum, but if the Court accepts the plea,
as set forth in Paragraph 12, the maximum is 12 years imprisonment
and 25 years of supervised release.

Defendant's
Initials

Ann Mason Rigby
June 11, 2016                              Re: Mark Anthony Levitt
Page 3

without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Levitt agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

     5.   **RESTITUTION**. Notwithstanding the offense of conviction, Mr. Levitt agrees that he owes restitution to the victim in this case for the full amount of the victim's losses, if any. Mr. Levitt agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Levitt further agrees as follows:

    (a)  Mr. Levitt agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

    (b)  Mr. Levitt will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

    (c)  Mr. Levitt agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

    (d)  Mr. Levitt agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

_____
Defendant's
Initials

Ann Mason Rigby
June 11, 2016                          Re: Mark Anthony Levitt
Page 4

    (e)  Mr. Levitt agrees not to appeal any order of the District
Court imposing restitution unless the amount of
restitution imposed exceeds $10,000.  However, nothing in
this provision is intended to preclude the Court from
ordering Mr. Levitt to pay a greater or lesser sum of
restitution in accordance with law.

    6.  **ABANDONMENT OF PROPERTY.** Mr. Levitt hereby agrees to
release, relinquish, waive or abandon to the United States or to the
State of West Virginia any and all right, title and interest he may
have in certain items seized from him, that is, a black LG Touch mobile
phone, model number LS620, serial number 411CYVU0507303.  The
property hereby abandoned by the defendant under this paragraph will
be destroyed or otherwise disposed of by federal, state or local law
enforcement officers according to law.

    7.  **PAYMENT OF MONETARY PENALTIES.**  Mr. Levitt agrees not to
object to the District Court ordering all monetary penalties
(including the special assessment, fine, court costs, and any
restitution that does not exceed the amount set forth in this plea
agreement) to be due and payable in full immediately and subject to
immediate enforcement by the United States.  So long as the monetary
penalties are ordered to be due and payable in full immediately, Mr.
Levitt further agrees not to object to the District Court imposing
any schedule of payments as merely a minimum schedule of payments
and not the only method, nor a limitation on the methods, available
to the United States to enforce the judgment.

    8.  **COOPERATION.**  Mr. Levitt will be forthright and truthful
with this office and other law enforcement agencies with regard to
all inquiries made pursuant to this agreement, and will give signed,
sworn statements and grand jury and trial testimony upon request of
the United States.  In complying with this provision, Mr. Levitt may
have counsel present except when appearing before a grand jury.

    9.  **USE IMMUNITY.**  Unless this agreement becomes void due to
a violation of any of its terms by Mr. Levitt, and except as expressly

                                                      Defendant's
                                                       Initials

Ann Mason Rigby
June 11, 2016                    Re: Mark Anthony Levitt
Page 5

provided for in paragraph 11 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

10.  **LIMITATIONS ON IMMUNITY**.  Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Levitt for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Levitt for perjury or false statement if such a situation should occur pursuant to this agreement.

11.  **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Levitt stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Levitt agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct of using a facility of interstate commerce to entice a minor to engage in sexual activity, transferring obscene material to an individual who had not attained the age of 16 years, receiving child pornography, producing child pornography, and possessing child pornography as alleged in the indictment in Criminal No. 2:16-00049 and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Levitt or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Levitt knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of

Defendant's
Initials

Ann Mason Rigby
June 11, 2016                           Re: Mark Anthony Levitt
Page 6

the Stipulation of Facts.  If the Court does not accept the plea
agreement through no fault of the defendant, or the Court declares
the agreement void due to a breach of its terms by the United States,
the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Levitt understand and acknowledge that
the Court is not bound by the Stipulation of Facts and that if some
or all of the Stipulation of Facts is not accepted by the Court, the
parties will not have the right to withdraw from the plea agreement.

12.  **RULE 11(c)(1)(C) AGREEMENT**. Pursuant to Rule 11(c)(1)(C)
of the Federal Rules of Criminal Procedure, the United States and
Mr. Levitt agree that a sentence of imprisonment of 12 years, to be
followed by a term of supervised release of 25 years is appropriate.
Mr. Levitt understands that this agreement pursuant to Fed. R. Crim.
P. 11(c)(1)(C) is not binding on the District Court unless and until
the District Court accepts this plea agreement.  If the Court refuses
to accept this plea agreement, Mr. Levitt has the right to void this
agreement and may withdraw his guilty plea.  There is no agreement
to a fine.

13.  **WAIVER OF APPEAL AND COLLATERAL ATTACK.**  Mr. Levitt and
the United States both knowingly and voluntarily waive the right to
seek appellate review of any sentence of imprisonment, term of
supervised release, or fine imposed by the District Court, on any
ground whatsoever including any ground set forth in 18 U.S.C. 3742,
except that both parties may appeal a sentence of imprisonment or
term of supervised release that deviates from the sentence agreed
upon pursuant to Fed. R. Crim. P. 11(c)(1)(C) as set forth in
Paragraph 12 above.  The defendant may also appeal the imposition
of any fine which exceeds the statutory maximum fine for the offense
of conviction.

Mr. Levitt also knowingly and voluntarily waives the right to
challenge his guilty plea and conviction resulting from this plea
agreement, and any sentence imposed for the conviction, in any
collateral attack, including but not limited to a motion brought
under 28 U.S.C. § 2255.

Defendant's
Initials

Ann Mason Rigby
June 11, 2016                              Re: Mark Anthony Levitt
Page 7

        The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

        14.  **WAIVER OF FOIA AND PRIVACY RIGHT**.  Mr. Levitt knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

        15.  **SEX OFFENDER REGISTRATION REQUIREMENT**.  Mr. Levitt understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Levitt understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Levitt further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status.  Mr. Levitt understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

        16.  **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. Other than as set forth in Paragraph 12, the United States has made no representations or promises as to a specific sentence.  The United States reserves the right to:

        (a)  Inform the Probation Office and the Court of all relevant facts and conduct;

        (b)  Present evidence and argument relevant to the factors

                                                    Defendant's
                                                    Initials

Ann Mason Rigby
June 11, 2016                    Re: Mark Anthony Levitt
Page 8

enumerated in 18 U.S.C. § 3553(a);

(c)  Respond to questions raised by the Court;

(d)  Correct inaccuracies or inadequacies in the presentence report;

(e)  Respond to statements made to the Court by or on behalf of Mr. Levitt;

(f)  Advise the Court concerning the nature and extent of Mr. Levitt's cooperation; and

(g)  Address the Court regarding the issue of Mr. Levitt's acceptance of responsibility.

17.  **VOIDING OF AGREEMENT**.  If either the United States or Mr. Levitt violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

18.  **ENTIRETY OF AGREEMENT**.  This written agreement, along with the appended declination of prosecution from the Kanawha County Prosecuting Attorney's Office for any related state charges arising out of the Nitro Police Department and the Kanawha County Sheriff's Office's investigation of Mr. Levitt (which declination is attached hereto as Plea Agreement Exhibit B), constitute the entire agreement between the United States and Mr. Levitt in this matter.  There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Levitt in any Court other than the United States District Court for the Southern District of West Virginia.

Defendant's
Initials

Ann Mason Rigby
June 11, 2016                        Re: Mark Anthony Levitt
Page 9


        Acknowledged and agreed to on behalf of the United States:

                         CAROL A. CASTO
                         Acting United States Attorney

              By:

                         LISA G. JOHNSTON
                         Assistant United States Attorney
LGJ/smw


I hereby acknowledge by my initials at the bottom of each of the
foregoing pages and by my signature on the last page of this nine-page
agreement that I have read and carefully discussed every part of it
with my attorney, that I understand the terms of this agreement, and
that I voluntarily agree to those terms and conditions set forth in
the agreement.  I further acknowledge that my attorney has advised
me of my rights, possible defenses, the Sentencing Guideline
provisions, and the consequences of entering into this agreement,
that no promises or inducements have been made to me other than those
in this agreement, and that no one has threatened me or forced me
in any way to enter into this agreement.  Finally, I am satisfied
with the representation of my attorney in this matter.



_____          6-11-16
Mark Anthony Levitt                       _____
Defendant                                 Date Signed


_____          6/11/16
Ann Mason Rigby                           _____
Counsel for Defendant                     Date Signed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:16-00049)

MARK ANTHONY LEVITT

STIPULATION OF FACTS

The United States and Mark Anthony Levitt (hereinafter "Mr. Levitt") stipulate and agree that the facts comprising the offense of conviction (Count One in the Indictment in the Southern District of West Virginia, Criminal No. 2:16-00049) and the relevant conduct for that offense, include the following:

Kik Messenger is an instant messenger application for mobile devices. It uses a smartphone's data plan or Wi-Fi to transmit and receive messages, photos, videos and other content after a user registers a username. Kik Messenger is known for its features preserving users' anonymity, such as allowing users to register without providing a telephone number, and preventing users from being located on the service through any information other than their chosen user name.

Mr. Levitt installed Kik Messenger on his cell phone, that is, a black LG Touch mobile phone, model number LS620, serial number 411CYVU0507303 (hereinafter "cell phone") prior to June 16, 2015. Mr. Levitt chose the user name "Bigpimpin77" when he registered for the Kik Messenger service, and "Bigpimpin77" is the user name that appeared when he communicated with other users on Kik Messenger.

From on or about June 16, 2015, through on or about July 14, 2015, at or near Nitro, Kanawha County, West Virginia, and within the Southern District of West Virginia, and elsewhere, Mr. Levitt used Kik Messenger to communicate with a 14-year-old minor who he had met earlier that year. Mr. Levitt, who was 37-years old at the time, was aware that the minor was 14 years old when he began communicating with her using Kik Messenger. Mr. Levitt used Kik Messenger to send sexually explicit messages

designed to persuade, induce, and entice the 14-year-old minor to engage in sexual activity, for which Mr. Levitt could be charged with a criminal offense in the State of West Virginia, that is, "Sexual Assault in the Third Degree" in violation of W. Va. Code § 61-8B-5.   Mr. Levitt and the 14-year-old minor engaged in sexual intercourse, including genital-genital and oral-genital.  (Count One of the Indictment).

On or about June 16, 2015, at or near Nitro, Kanawha County, West Virginia, and within the Southern District of West Virginia, Mr. Levitt used his cell phone to knowingly transfer obscene material, that is, an image of his erect penis to the 14-year-old minor. (Count Two of the Indictment).

On or about June 16, 2015, at or near Nitro, Kanawha County, West Virginia, and within the Southern District of West Virginia, Mr. Levitt knowingly received on his cell phone, child pornography as defined in 18 U.S.C. § 2256(8)(A), that is, a sexually explicit image depicting the 14-year-old minor's genital area spread open with her fingers. (Count Three of the Indictment).

On or about June 24, 2015, Mr. Levitt knowingly persuaded and induced a 14-year-old minor to engage in sexually explicit conduct, that is, to perform oral sex on him so that he could produce a visual depiction of such conduct.   At the time Mr. Levitt produced the sexually explicit image, the 14-year-old minor and Mr. Levitt were located in Nitro, Kanawha County, West Virginia.   Mr. Levitt used his cell phone to produce the sexually explicit image. (Count Four of the Indictment).

On or about July 13, 2015, Mr. Levitt knowingly persuaded and induced a 14-year-old minor to engage in sexually explicit conduct, that is, to perform oral sex on him so that he could produce a visual depiction of such conduct.   At the time Mr. Levitt produced the sexually explicit video, the 14-year-old minor and Mr. Levitt were located in Nitro, Kanawha County, West Virginia.   Mr. Levitt used his cell phone to produce the sexually explicit video. (Count Five of the Indictment).

Mr. Levitt shared the sexually explicit image/video with other users on Kik.com.

On or about July 29, 2015, members of the Nitro Police Department located Mr. Levitt in his sister's apartment in Nitro, Kanawha County, West Virginia.  Mr. Levitt's cell phone was also located in that apartment. Mr. Levitt's cell phone was

PLEA AGREEMENT EXHIBIT A

2

seized by the Nitro Police Department on that date. A state search warrant was obtained to search the contents of Mr. Levitt's cell phone. A forensic examination was conducted on Mr. Levitt's cell phone which revealed that he knowingly possessed, for purposes of the USSG §2G2.2(b)(7)(B) enhancement, at least 150, but less than 300, images of the 14-year-old minor engaging in sexual explicit conduct, that is, the lascivious exhibition of the genital and pubic area of the 14-year-old minor, masturbation, and the 14-year-old minor performing oral sex on Mr. Levitt. At the time Mr. Levitt possessed the images and videos, he knew the images and videos constituted child pornography. (Count Six of the Indictment).

The cell phone used by Mr. Levitt to commit the crimes set forth herein was not manufactured in West Virginia and therefore, had been shipped and transported in interstate and foreign commerce. Also, exchanging messages on a cell phone using Kik Messenger constitutes using a means and facility of interstate commerce.

This Stipulation of Facts does not contain each and every fact known to Mr. Levitt and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment.

Stipulated and agreed to:

_____         _____
MARK ANTHONY LEVITT                       6-11-16
Mr. Levitt                                Date

_____         _____
ANN MASON RIGBY                           6/11/16
Counsel for Mr. Levitt                    Date

_____         _____
LISA G. JOHNSTON                          6/13/16
Assistant United States Attorney          Date

PLEA AGREEMENT EXHIBIT A



**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

---

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

Via Facsimile: 304-357-0342

June 6, 2016

Stephen B. Revercomb
Kanawha County Assistant Prosecutor
Kanawha County Prosecuting Attorney's Office
301 Virginia Street East
Charleston, West Virginia 25301

Re:  United States v. Mark Anthony Levitt
     Criminal No. 2:16-00049

Dear Mr. Revercomb:

Thank you for taking the time to discuss the above-named defendant with me. This will confirm that, should this defendant enter a plea of guilty in United States District Court for the Southern District of West Virginia to using a facility of interstate commerce to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b), your office will decline to prosecute him for any corresponding state charges arising out of the investigation conducted by the Nitro Police Department and the Kanawha County Sheriff's Office.

Sincerely,

CAROL A. CASTO
Acting United States Attorney

LISA G. JOHNSTON
Assistant United States Attorney

Acknowledged and agreed to by Kanawha County Assistant Prosecuting Attorney Stephen B. Revercomb:

_____           6/7/2016
Signature                          Date

PLEA AGREEMENT EXHIBIT B